# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAYMON QUENDELL PRICE,**

          **Petitioner,**

      **v.**                                                    **Case No. 20-CV-377**

**WILLIAM J. POLLARD,**

          **Respondent.**

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Laymon Quendell Price was found guilty by a jury of numerous offenses related to a kidnapping and sexual assault. (ECF No. 1 at 2.) On July 17, 2014, the court sentenced him to a total term of imprisonment of 80 years. (ECF No. 1 at 2.) He appealed, and the Wisconsin Court of Appeals affirmed his conviction on August 14, 2018. (ECF No. 1 at 3.) The Wisconsin Supreme Court denied his petition for review on December 12, 2018. (ECF No. 1 at 3.)

On March 9, 2020, Price filed a petition for a writ of habeas corpus. (ECF No. 1.) In the petition he raises at least eight claims: (1) the trial court erred in admitting other acts evidence; (2) his appellate counsel was ineffective for failing to allege his trial counsel was ineffective in various ways (ECF No. 1 at 7-12.); and (3) his appellate counsel was

ineffective for failing to present newly discovered evidence regarding an ex-police officer. (ECF No. 1 at 13-14.) Price exhausted his remedies in state court only with respect to his first claim.

On March 24, 2020, Price filed a motion asking the court to stay these proceedings and hold his petition in abeyance while he exhausts his remedies in state court. (ECF No. 5.) In that motion he states that he "recently filed a Motion For Post Conviction Relief pursuant to § 974.06 Stats. in Milwaukee County Circuit Court" and he "believes that his deadline for filing a petition for writ of habeas corpus expires on March 12, 2020." (ECF No. 5 at 1.)

If the Wisconsin Supreme Court denied his petition for review on December 12, 2018, as Price asserts, then he is correct; his deadline for filing his petition for a writ of habeas corpus in federal court was March 12, 2020. *See* 28 U.S.C. § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002)); Sup. Ct. R. 13.

Ordinarily, if a person files a petition for a writ of habeas corpus before he exhausts his state court remedies the court will dismiss the petition without prejudice. However, accepting as true the dates alleged in his petition, if the court were to dismiss the petition Price would have very little, if any, time in which to file another federal habeas petition after exhausting his remedies in state court. As Price correctly notes, properly filing a motion for post-conviction relief in state court stops the one-year clock. 28 U.S.C.

2
Case 2:20-cv-00377-PP    Filed 05/08/20    Page 2 of 4    Document 7

§ 2244(d)(2). The petition is deemed filed for purposes of § 2244(d)(2) when the inmate deposits the filing in the prison mail system in accordance with the prison's regulations. *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012). Price does not state when he filed his petition other than to say in his March 24, 2020 motion that he did so "recently" and in his March 9, 2020 petition that the motion was "just filed." The circuit court docket says it was filed on March 13, 2020.

Under the stay and abeyance procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), the district court stays the proceedings on a federal habeas petition and holds the petition in abeyance while the petitioner exhausts his remedies in state court. This preserves the petitioner's ability to seek habeas relief but affords the state courts the first opportunity to remedy any constitutional errors in the petitioner's conviction. But because the stay and abeyance procedure would undermine the finality and expediency that Congress sought when it passed the Antiterrorism and Effective Death Penalty Act, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. 269, 277. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Moreover, the claims must be plausibly meritorious. *Id.*

Price explains this his delay was attributable with difficulties both in retaining counsel and in finding another inmate to help him. The court finds this explanation to be

sufficient. Moreover, the court finds that Price's claims are plausibly meritorious and his complaint is not otherwise subject to dismissal pursuant to Rule 4.

**IT IS THEREFORE ORDERED** that Price's request for stay and abeyance is **granted**. The proceedings are stayed and Price's petition is held in abeyance. Not later than **28 days** after the exhaustion of his state court remedies or the expiration of time for seeking further review, Price shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. **<u>Failure to do so may result in the court dismissing this action</u>**. The Clerk shall close this case for statistical purposes.

Dated at Milwaukee, Wisconsin this 8th day of May, 2020.

*[Signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge