UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAYMON QUENDELL PRICE,

    Petitioner,

v.               Case No. 20-cv-377-pp

MICHAEL GIERACH,[1]

    Respondent.

---

**ORDER DENYING "REQUEST FROM ORDER ON PETITION FOR WRIT OF HABEAS CORPUS" (DKT. NO. 9), LIFTING STAY, REOPENING CASE AND ORDERING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

---

  On March 9, 2020, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for offenses related to a kidnapping and sexual assault. Dkt. No. 1. On March 24, 2020, the petitioner filed a motion asking the court to stay the federal proceedings and hold his petition in abeyance while he exhausted his state court remedies. Dkt. No. 5. In a Rule 4 Order, Magistrate Judge William E. Duffin determined that the petition raised at least eight grounds for relief, for all but one of which the petitioner had failed to exhaust his state court remedies. Dkt. No. 7 at 2. Judge Duffin granted the request for stay and abeyance. Id. at 4. Judge Duffin ordered the petitioner to notify the court within twenty-eight days after he exhausted his state court remedies or the expiration of time for seeking further review. Id.

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at Redgranite Correctional Institution. See https://appsdoc.wi.gov/lop/details/detail. Michael Geirach is the warden of that institution. The court has updated the caption accordingly.

1

Having never received an update from the petitioner, on January 30, 2023, Judge Duffin ordered the petitioner to advise the court as to the status of the state court proceedings. Dkt. No. 8. The petitioner responded by filing a request for the court to excuse his delay in proceeding with his state court postconviction motion and to set a deadline for filing the motion. Dkt. No. 9. Judge Duffin issued an order allowing the respondent to respond to the request, dkt. no. 10, and the respondent filed its opposition to the request, dkt. no. 14. The clerk's office reassigned the case to this district court judge on March 23, 2023. The court will deny the petitioner's request, lift the stay and order the petitioner to file an amended petition.

I.  **The Parties' Arguments**

The court received the petitioner's motion on February 21, 2023; it explained that on March 16, 2020—representing himself—the petitioner had filed a post-conviction motion in Milwaukee County Circuit Court. Dkt. No. 9 at 1. He stated that he was instructed that the post-conviction motion was incomplete and that the state court couldn't rule on the motion. Id. The petitioner said that he was in the process of asking the state court to appoint him a public defender to help him file the complete post-conviction motion, but that he'd had no access to the law library because "they do not allow us to leave our cells unless we can show a active deadline which I do not have." Id. The petitioner asked the court to excuse the lateness of his submissions and to "please order [him] some type of deadline that [he] can use to properly file [his] motion." Id. He concluded by asking the court to allow him "more time to properly file [his] issues." Id.

The petitioner attached to the motion a letter from a staff attorney at the Milwaukee County Circuit Court dated March 16, 2020, advising the petitioner

2

that if he supplemented his motion, as he'd expressed an intent to do, the motion would exceed the allowed length. Dkt. No. 9-1. The letter instructed the petitioner to advise the court by letter whether his motion was complete or whether he intended to file a supplement; the court explained it would take no action until the petitioner provided that written letter. Id.

The respondent filed a brief in opposition to what he characterizes as the petitioner's "request to extend the stay." Dkt. No. 14. The respondent says that the petitioner filed his §974.06 postconviction motion on March 13, 2020 and recounts that a Milwaukee County Circuit Court Staff Attorney instructed the petitioner that he needed to take further action on his motion and provided the petitioner with instructions on what he needed to do. Id. at 3. The respondent recounts that the letter informed the petitioner that the court would hold his motion in abeyance until he responded to the letter. Id. at 3-4. The respondent asserts that on August 18, 2020, the petitioner filed a letter in Milwaukee County Circuit Court but that the respondent does not have a copy of the letter and the petitioner did not provide one to this court. Id. at 4. The respondent asserts, however, that "based on the notation on the circuit court docket," the representations the petitioner has made to this court and the fact that the state court has taken no further action on the petitioner's post-conviction motion, "it appears [the petitioner] did not take further action on [his] postconviction motion; it appears [the petitioner] informed the state court of his intent to supplement his section 974.06 motion with an additional page or file a new postconviction motion." Id. at 4. The respondent indicates that the petitioner has filed nothing in state court since August 2020. Id.

The respondent argues that the court should deny the request for an extension because petitioner has not shown good cause for his failure to

3

proceed with his §974.06 motion. The respondent disputes the petitioner's contention regarding the Green Bay library policy, explaining that the petitioner was not transferred to that institution until March 19, 2021, nearly a year after the state court clerk's office sent him the instructions regarding either relying on the incomplete post-conviction motion or supplementing it. Id. at 6. The respondent argues that the petitioner's failure to file the required supplement in state court for three years and his failure to notify the state court, or this court, of any obstacles to filing a supplement negate his argument for good cause. Id. at 7. The respondent maintains that the petitioner did not pursue his unexhausted claims in a timely manner in state court, and asks the court to deny the petitioner's request for an extension, lift the stay and dismiss the petitioner's unexhausted claims. Id. at 7-8.

## II. Analysis

A stay and abeyance allows a petitioner to exhaust his state court remedies for unexhausted claims asserted in his federal *habeas* petition. But "[e]ven where a stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]. Rhines v. Weber, 544 U.S. 269, 277 (2005). Given those timeliness concerns, a federal *habeas* petition "should not be stayed indefinitely" because "[w]ithout time limits, petitioner's could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." Id. at 277-78.

According to the publicly available docket, the petitioner filed his §974.06 postconviction motion on March 13, 2020. See State v. Price, Milwaukee County Case No. 2014CF000013 (available at https://wcca.wicourts.gov/)/. The docket indicates that state court sent the petitioner a letter on March 16,

4

2020; it reflects that on August 18, 2020, the state court received a "[l]etter from defendant re: previously held motion and the filing of a new motion." Id. As the respondent points out, the court does not have that letter, so it does not know whether the petitioner told the state court that he wanted to proceed on the incomplete post-conviction motion or to supplement it. But the respondent is correct—nothing has happened in the state case since August 18, 2020. Id.

The court received from the petitioner this federal *habeas* petition on March 9, 2020. Dkt. No. 1. At that time, he was confined at Dodge Correctional Institution. Dkt. No. 1 at 1; https://appsdoc.wi.gov/lop/details/detail. Four days later, on March 13, 2020, the Milwaukee County Circuit Court received from the petitioner his motion for post-conviction relief. Price, Milwaukee County Case No. 2014CF000013. Three days after that—on March 16, 2020—the court sent the petitioner the letter explaining that his petition was incomplete. Id.

Eight days later, on March 24, 2020, this court received from the petitioner his motion to stay the federal *habeas* proceedings on the ground that he was in the process of exhausting his claims in state court. Dkt. No. 5. About forty-five days later—on May 8, 2020—Judge Duffin granted the motion and ordered the case stayed pending the petitioner's exhaustion of claims in state court. Dkt. No. 7. A little over three months later, on August 18, 2020, the state court received from the petitioner the letter the respondent referenced. Price, Milwaukee County Case No. 2014CF000013.

For that entire time—between March 2020 and August 18, 2020—the petitioner was confined at Dodge Correctional Institution. He remained at Dodge until March 19, 2021—a *year* after the state court sent him the letter telling him his post-conviction motion was incomplete and ten months after

5

Judge Duffin stayed the case so that the petitioner could exhaust his claims in state court. The petitioner filed nothing in state court during that time, and he was not at Green Bay Correctional Institution, so his assertions that there have been lockdowns at Green Bay does not explain why he did not file anything between August 2020 and March 19, 2021.

The petitioner was transferred to Green Bay Correctional on March 19, 2021. https://appsdoc.wi.gov/lop/details/detail. Both the state court case and this federal case sat, with no activity, until January 30, 2023—almost *two years* later. On January 30, 2023, Judge Duffin issued an order requiring the petitioner to advise the court within twenty-eight days of the status of his state-court proceedings. Dkt. No. 8. Judge Duffin warned the petitioner that if he did not update the court in twenty-eight days, the court could dismiss the case. Id. On February 21, 2023—within the twenty-eight-day period Judge Duffin had specified—the court received from the petitioner the instant request, indicating that lockdowns at Green Bay Correctional had prevented him from having access to the law library. Dkt. No. 9. On February 24, 2023, Judge Duffin ordered the respondent to respond to the petitioner's motion. Dkt. No. 10.

On March 10, 2023, the petitioner was transferred from Green Bay to Redgranite Correctional Institution, where he currently is incarcerated. Although the petitioner has not been at Green Bay Correctional for four months, he still has filed nothing in the state-court case. It now has been almost three years since the petitioner filed his August 18, 2023 letter with the state court (whatever that letter said). There has been no state-court activity since then, despite the fact that for almost a year of that time, the petitioner was at institutions other than Green Bay (Dodge for the seven or so months

before he was transferred to Green Bay and Redgranite for the four months or so since he has left Green Bay). The petitioner has not asked the state court for more time to supplement his post-conviction motion (if that is what he wants to do). There is no indication that he has filed a request for the appointment of counsel in the state-court proceeding. The petitioner has done nothing in the state-court case for almost three years.

The court understands that it is difficult for incarcerated persons to litigate, and that it was more difficult at the height of the COVID-19 pandemic (Spring 2020 to Summer 2021). The court has no doubt that it was difficult for the petitioner to get as much time in the law library as he would have liked, and that it may have been difficult for him to obtain supplies without access to the law library. But even if Green Bay denied him all access to the law library the entire time he was there (which seems unlikely), the petitioner has not explained why he could not access the law library at the other facilities. He has not explained why he did not write to the state court and ask for appointed counsel, or ask the state court to give him a deadline by which to file a completed post-conviction motion. The court cannot conclude that the petitioner has diligently pursued his state-court claims, or that he has shown good cause for this court to further extend the stay of this federal *habeas* proceeding.

Because the petitioner has not shown good cause for a further stay of the federal proceedings, the court will deny the request for an order and will lift the stay. If the petitioner wishes to proceed with his federal *habeas* case, the court will allow him to file an amended petition for a writ of *habeas corpus* under §2254.

The court is including with this order a blank *habeas* petition. The petitioner must use this form to prepare his amended petition. He must write the word "Amended" on the first page of the form in the title, in front of "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody." He must list the Warden of Redgranite as the respondent. The amended petition must be full and complete in itself; the petitioner may not refer the court back to the original petition. The petitioner must include in that amended petition *only* the claims he has fully exhausted.

If the court does not receive from the petitioner an amended petition that complies with this order by the deadline the court sets below, the respondent may file a motion to dismiss any unexhausted claims.

**III. Conclusion**

The court **DENIES** the petitioner's request from order on petition for writ of habeas corpus. Dkt. No. 9.

The court **LIFTS** the stay imposed by Judge Duffin on May 8, 2020, dkt. no. 4, and **ORDERS** that the case is **REOPENED**.

The court **ORDERS** that the petitioner must file an amended petition in time for the court to *receive it* no later than the end of the day on **August 25, 2023**. If the court does not receive an amended petition, or a request for an extension of time to file an amended petition, by the end of the day on August 25, 2023, the court will entertain a motion from the respondent to dismiss all unexhausted claims.

Dated in Milwaukee, Wisconsin this 13th day of July, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**