UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAYMON QUENDELL PRICE,

        Petitioner,

v.

        Case No. 20-cv-377-pp

MICHAEL GIERACH,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF ATTORNEY (DKT. NO. 16)**

On August 28, 2023, the court received from the petitioner a document titled "Defendant's[1] Motion for Extension of Time to File Amended Habeas Petition and Appointment of Attorney." Dkt. No. 16. The court granted the petitioner's request for an extension of time, giving him a deadline of November 28, 2023 by which to file an amended petition. Dkt. No. 17. The court indicated that it would respond to the plaintiff's request to appoint counsel by separate order. Id.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the

---

[1] The petitioner erroneously referred to himself as the "defendant" in the title of the motion.

1

interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007). Most incarcerated persons would like to have the court appoint a lawyer to represent them, but there are not enough lawyers to take every case filed by an incarcerated person. A person asking the court to appoint a lawyer free of charge must demonstrate why he is unable to litigate the case himself.

The motion indicates that the petitioner has a learning disability and a third grade reading level. Dkt. No. 16 at 1-2. It indicates that the plaintiff needs additional time to research a recent discovery of a "constitutional violation in the criminal process that produced his conviction/sentence." Id. The plaintiff seeks an appointed attorney to help him amend his *habeas* petition. Id. at 2.

The court will deny the motion without prejudice. First, there is no indication that the petitioner tried to find a lawyer on his own. The court typically requires a petitioner to show that he has contacted at least three lawyers (by either sending the court a list of the lawyers he has contacted or sending the court copies of any letters he received from lawyers declining to

2

Case 2:20-cv-00377-PP   Filed 09/06/23   Page 2 of 4   Document 18

represent him) to establish that he made a reasonable attempt to hire counsel on his own. The petitioner has not provided any evidence that he has tried to contact any lawyers himself.

Even if the petitioner had demonstrated that he'd tried to find a lawyer on his own, the court would not grant his motion at this stage. Though the petitioner indicates that he has a learning disability and a third grade reading level, his pleadings thus far have been clear and easy for the court to understand. His writing is legible. Although the petitioner says that he recently discovered a constitutional violation in his underlying case, he does not explain what that violation was or why it is so complicated that he cannot explain it himself.

The next step in the process is for the petitioner to file an amended petition by the deadline the court has set (November 28, 2023). That means he must copy from his original petition any facts and claims he wants to continue with and must add in any new claims he believes he has uncovered. The petitioner does not need to cite statutes or cases or use legal language. He needs only to explain what he believes the trial court (or the prosecutor or his defense attorney) did to violate his constitutional rights. The court has no reason to believe that the petitioner cannot explain the facts in an amended petition, just as he did in his original petition.

The court will deny the petitioner's motion without prejudice. That means that if there comes a time when the proceedings become so complicated

that the petitioner believes he cannot handle them himself, he may file another motion asking the court to appoint a lawyer to represent him.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 6th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**