UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAYMON QUENDELL PRICE,

                    Petitioner,

                                                    Case No. 20-cv-377-pp
            v.

DAISY CHASE,[1]

                    Respondent.

---

**ORDER SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 19)**

---

On January 3, 2024, the petitioner filed an amended petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for offenses related to kidnapping and sexual assault. Dkt. No. 19. This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the amended petition does not comply with the court's prior orders and includes unexhausted claims, the court will order the petitioner to file a second amended petition.

## I.    Background

On March 9, 2020, the petitioner filed his original *habeas* petition raising at least eight claims. Dkt. No. 1. Soon after, the petitioner asked the court to stay the federal proceedings while he exhausted his state court remedies. Dkt. No. 5. Magistrate Judge William Duffin granted the petitioner's motion for stay

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at Redgranite Correctional Institution. Daisy Chase now is the Warden of that institution. The court will update the case caption accordingly.

and abeyance after concluding that the claims were "plausibly meritorious and [the petitioner's] complaint is not otherwise subject to dismissal pursuant to Rule 4." Dkt. No. 7 at 4. Judge Duffin ordered the petitioner to notify the court no later than twenty-eight days after exhausting his state court remedies and administratively closed the case. Id.

Three years later, on January 30, 2023, Judge Duffin ordered that within twenty-eight days, the petitioner must advise the court regarding the status of the proceedings or face dismissal of the case. Dkt. No. 8. On February 21, 2023, the court received a response from the petitioner, informing the court that in March 2020, he had filed a post-conviction motion in Milwaukee County Circuit Court. Dkt. No. 9 at 1. The petitioner reported that the state court had informed him that his motion was incomplete. Id. The petitioner advised the court that he was trying to find a lawyer to assist with the post-conviction motion and asked the court to appoint him one. Id. The petitioner asked the court to set a deadline by which he must file his motion. Id. Judge Duffin ordered that by March 24, 2023, the respondent must file a response to the petitioner's status update and Judge Duffin set a deadline of April 14, 2023 for the petitioner to file a reply. Dkt. No. 10.

The clerk's office reassigned the case to this court on March 23, 2023. April 14, 2023 came and went without the petitioner filing a reply in support of his motion. In an order dated July 13, 2023, the court concluded that the petitioner had not diligently pursued his state court claims and denied the petitioner's motion for an order. Dkt. No. 15 at 7. The court ordered that by the end of the day on August 25, 2023, the petitioner must file an amended petition if he wished to proceed with his case. Id. at 8. The court directed the petitioner to include in that amended petition *only* the claims he had fully

exhausted. Id. The court explained that if the petitioner did not file an amended petition by August 25, 2023, the court would allow the respondent to file a motion to dismiss any unexhausted claims. Id.

Three days after the August 25, 2023, the court received from the petitioner a combined motion for extension of time to file his amended *habeas* petition and for appointment of counsel. Dkt. No. 16. The court found good cause to grant the motion to extend the deadline, extending the petitioner's deadline for filing an amended *habeas* petition to November 28, 2023. Dkt. No. 17. By separate order, the court denied without prejudice the petitioner's motion to appoint counsel. Dkt. No. 18.

On January 3, 2024—a little over a month after the deadline the court had set—the petitioner filed an amended *habeas* petition, which is the subject of this screening order. Dkt. No. 19.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is

3

in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.    The Amended Petition (Dkt. No. 19)

The amended petition identifies four grounds for relief. First, the petitioner states that his trial counsel was ineffective for several reasons, including "failure to prepare, failure to investigate, [and] failure to call alibi witnesses." Dkt. No. 19 at 6. The petitioner also asserts that his appellate counsel was ineffective for failing to raise on appeal the ineffective assistance of

4

his trial counsel, as well as failing to "investigate" or "prepare." Id. at 7. Second, the petitioner claims that the trial court violated his due process rights by not suppressing DNA evidence. Id. Third, the petitioner states that the trial court violated his due process rights by introducing "other acts" evidence from a prior trial. Id. at 8. Finally, the petitioner asserts a due process violation based on the fact that a police officer who was on his case later was charged with violating "police department rules and regulations." Id. at 9. These claims all are generally cognizable on federal *habeas* review. See Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004) (explaining that due process entitles a criminal defendant to a fair trial); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of habeas relief for ineffective assistance of trial counsel); Whyte v. Winkleski, 34 F.4th 617 (7th Cir. 2022) (reviewing claim for ineffective assistance of appellate counsel).

Some of the petitioner's claims, however, have not been exhausted in state court. The petitioner states that he did not exhaust his state remedies on the first three grounds because his "attorney fail[ed] to do so." Id. at 7, 8. He does not explain whether he believes the fourth ground is unexhausted, and if so, why. Judge Duffin previously determined that the petitioner had properly exhausted Ground Three because it was asserted in the petitioner's original *habeas* petition, but that the other grounds appeared to be unexhausted. Dkt. No. 7 at 2.

Ground Three of the amended petition appears to be properly exhausted. The amended petition states that the petitioner appealed his conviction on the grounds that the trial court "erroneously admitted other acts evidence at trial." Id. at 3. This corresponds to Ground Three of the amended petition. The court of appeals considered this argument and determined that the "other acts"

5

evidence properly was admitted by the trial court. Dkt. No. 19-1 at 4. The court of appeals affirmed the petitioner's conviction on August 14, 2018. Id. The Wisconsin Supreme Court denied the petitioner's petition for review. Id. at 5. From the face of the petition and the exhibits, it appears that the petitioner exhausted this ground by raising it on direct appeal.

The other grounds for relief asserted in the petitioner's amended petition still appear to be unexhausted. As discussed above and in the court's prior orders, the petitioner filed a §974.06 postconviction motion on March 13, 2020, presumably to exhaust the other grounds in his original petition. See State v. Price, Milwaukee County Case No. 2014CF13 (available at https://wcca. wicourts.gov/). There has been no activity on that case since August 18, 2020, when the state court received a "[l]etter from defendant re: previously held motion and the filing of a new motion." Id. Because there has been no resolution of (or even movement on) the petitioner's state court proceeding, Grounds One, Two and Four of the amended petition still have not been exhausted.

The amended petition does not comply with the court's prior orders. The court explained that the petitioner must include in the amended petition *only* the claims he has fully exhausted. Dkt. No. 15 at 8. In the court's order denying without prejudice the petitioner's motion for appointment of counsel, the court again explained that "the next step in the process is for the petitioner to file an amended petition by the deadline the court has set . . .." Dkt. No. 18 at 3. The petitioner did not seek a further extension of that deadline. He did not file his amended petition until over a month later, on January 3, 2024. Dkt. No. 19. And that amended petition includes unexhausted claims.

6

The court already has determined that there was not good cause for it to continue to stay this proceeding. Dkt. No. 15 at 7. The petitioner has had plenty of time—over four years—to pursue his state court remedies. The court will direct the petitioner to amend his petition once more to include *only* his single, exhausted ground for relief. He must file that second amended petition by the deadline stated below. The court is including with this order a blank *habeas* petition. The petitioner must use this form to prepare his second amended petition. He must write the words "Second Amended" on the first page of the form, above the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody." He must list the Warden of Redgranite Correctional Institution as the respondent. The amended petition must be full and complete in itself; the petitioner may not refer the court back to the original petition. The petitioner must include in that amended petition *only* the single claim that he has fully exhausted (unless, somehow, he exhausts the other claims before the deadline the court sets below).

If the petitioner does not timely comply with the court's order, the court will dismiss his petition. Rose, 455 U.S. at 522 ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

### III. Conclusion

The court **DIRECTS** the Clerk of Court to update the case docket to reflect that Daisy Chase is the correct respondent.

The court **ORDERS** that the petitioner must file a second amended petition in time for the court to *receive it* no later than the end of the day on **November 22, 2024**. If the court does not receive an amended petition that complies with this order by the end of the day on November 22, 2024, the

court will dismiss the petition based on the petitioner's failure to diligently pursue his case and his failure to comply with the court's orders.

Dated in Milwaukee, Wisconsin this 17th day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**