UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAYMON QUENDELL PRICE,

    Petitioner,

v.                                    Case No. 20-cv-377-pp

DAISY CHASE,

    Respondent.

**ORDER SCREENING SECOND AMENDED *HABEAS* PETITION (DKT. NO. 21)**

On November 21, 2024, the petitioner filed a second amended petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for offenses related to kidnapping and sexual assault. Dkt. No. 21. This order screens the second amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

This is the second time the petitioner has amended his *habeas* petition. On March 9, 2020, the petitioner filed his original petition, raising at least eight claims. Dkt. No. 1. Soon after, the petitioner asked the court to stay the federal proceedings while he exhausted his state court remedies. Dkt. No. 5. The court stayed this case for nearly three years for the petitioner to exhaust his claims.

1

The court reopened the case on July 13, 2023 and directed the petitioner to file an amended petition containing only his exhausted claims. Dkt. No. 15. On January 3, 2024, the petitioner filed an amended *habeas* petition. Dkt. No. 19. The court screened that petition and determined that it still contained unexhausted claims. Dkt. No. 20. The court ordered the petitioner to file a second amended petition containing only his fully exhausted claims or face dismissal. Id. at 7. On November 21, 2024, the petitioner filed his second amended *habeas* petition, which is the subject of this screening order. Dkt. No. 21.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an

2

unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.   The Second Amended Petition (Dkt. No. 21)

The second amended petition identifies two grounds for relief. First, the petitioner states that the trial court violated his due process rights by introducing "other acts" evidence from a prior trial and improperly applying

3

Wis. Stat. §904.04(2). Id. at 6–7. The petitioner states that he was prejudiced by the admission of this other acts evidence. Id. at 7. Second, the petitioner asserts a violation of his right to due process by "unfair prejudice." Id. at 7. The petitioner elaborates that unfair prejudice "results when the proffered evidence has a tendency to influence the outcome by improper means . . . or otherwise causes a jury to base its decision on something other than the established propositions in the case." Id. The petitioner does not identify what evidence caused the alleged unfair prejudice that forms the basis of Ground Two.

It is unclear to the court whether Ground Two is a separate ground for relief or merely an elaboration on Ground One. To the extent that Ground Two is a separate ground for relief, the petition does not contain enough facts for the court to determine whether the petitioner has stated a claim for a due process violation. The court will not allow the petitioner to proceed on Ground Two as a separate ground for relief.

Ground One of the second amended petition appears to be properly exhausted. The amended petition states that the petitioner appealed his conviction on the grounds that the trial court "erroneously admitted other acts evidence at jury trial" and "improperly applied Wis. Stat. 904.04(2) [] in violation[] of right to due process by unfair prejudice." Id. at 3. This corresponds to Ground One of the petition. The Wisconsin Court of Appeals considered this argument and determined that the "other acts" evidence properly was admitted by the trial court. Dkt. No. 19-1 at 4. The court of appeals affirmed the petitioner's conviction on August 14, 2018. Id. The

4

Wisconsin Supreme Court denied the petitioner's petition for review. Id. at 5. From the face of the petition and the exhibits, it appears that the petitioner exhausted this ground by raising it on direct appeal.

Due process violations generally are cognizable on federal *habeas* review. See Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004) (explaining that due process entitles a criminal defendant to a fair trial). But claims that the state court misapplied *state* law are not cognizable on *habeas* review. Lechner v. Frank, 341 F.3d 635, 642 (7th Cir. 2003) (stating that "[f]ederal habeas corpus relief does not lie for errors of state law" and that "[v]iolations of state laws are cognizable only if they resulted in fundamental unfairness and consequently violate a petitioner's constitutional rights"). Although the court is concerned that the petitioner's claim may be alleging an error of state law, at this stage, the court cannot determine whether the alleged improper admission of other acts evidence "resulted in fundamental unfairness" that rises to the level of a due process violation. The court will allow the petitioner to proceed on the claim stated in Ground One of the petition.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on Ground One of his second amended *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to Ground One of the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 14th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**