UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAYMON QUENDELL PRICE,

        Petitioner,

  v.                                            Case No. 20-cv-377-pp

DAISY CHASE,

        Respondent.

**ORDER CONSTRUING PETITIONER'S MOTION TO DISMISS AS A MOTION FOR STAY AND ABEYANCE AND DENYING THE MOTION (DKT. NO. 32), GRANTING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 26), DENYING AS MOOT RESPONDENT'S MOTION FOR CLERK TO CLOSE CASE (DKT. NO. 33), DISMISSING CASE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

### I. Petitioner's Motion to Dismiss (Dkt. No. 32) and Respondent's Motion for Clerk to Close the Case (Dkt. No. 33)

On March 9, 2020, the petitioner filed a petition for writ of *habeas corpus* challenging his 2014 conviction in Milwaukee County Circuit Court on five counts of first-degree sexual assault and three counts of kidnapping, all while using a dangerous weapon. Dkt. No. 1. Magistrate Judge William Duffin granted the petitioner's request for a stay and abeyance and instructed the petitioner to notify the court within twenty-eight days after he had exhausted his state court remedies or after the expiration of his time for seeking such review. Dkt. No. 7.

On July 13, 2023, the court lifted the stay and ordered the petitioner to file an amended petition by the end of the day on August 25, 2023. Dkt. No.

1

15. Three days after the deadline, the court received from the petitioner a motion for extension of time, dkt. no. 15, and the court extended his deadline for filing an amended petition to the end of the day on November 28, 2023, dkt. no. 17.

On January 3, 2024, the court received from the petitioner an amended petition. Dkt. No. 19. The court screened that petition on October 17, 2024 and concluded that the petitioner had included claims he had not exhausted. Dkt. No. 20 at 7. Because the court could not find good cause to continue to stay the proceedings, the court instructed the petitioner to file a second amended petition raising only his single, exhausted claim for relief. Dkt. No. 20 at 7. The court explained that the "petitioner has had plenty of time—over four years—to pursue state court remedies." Id.

On November 21, 2024, the court received from the petitioner his second amended petition alleging due process violations based on the admission of other acts evidence under Wis. Stat. §904.04(2) and "unfair prejudice." Dkt. No. 21. The court allowed him to proceed on his argument that the admission of that evidence violated his due process rights, but the court expressed concern that the petitioner was raising a claim arising under state law that was not cognizable in the federal court. Id. at 24. On March 18, 2025, the respondent moved to dismiss on the ground that the alleged violation of Wis. Stat. §904.04(2) is not cognizable in federal court and that any due process claim was procedurally defaulted because the petitioner had not raised it on direct review. Dkt. No. 28 at 3-4.

The court granted the petitioner's motion for an extension of time to file his response to the motion to dismiss, extending his deadline to June 23, 2025. Dkt. No. 31. The petitioner did not comply with the court's order. Instead, on June 16, 2025, the court received from the petitioner a motion to dismiss his case "without prejudice to his refiling another petition seeking relief under §2254 once his state court remedies are exhausted as to all of his claims." Dkt. No. 32. The petitioner states:

> This would allow him to seek relief in the state court on his new claims and still file for federal relief in the event he is unsuccessful, as long as he does so promptly after a final decision is rendered by the state courts on his unexhausted claims. Once again this Hon. court should DISMISS WITHOUT PREJUDICE because the petitioner is a LAYMAN in he has no real knowledge of the law. Every counsel he and his family talk with said he is to [sic] far into proceeding's for them to pick case up, and from what they see petitioner needs to go back down to state court on unexhausted claims. Because they are alot of unexhausted claims, The petitioner is asking this Hon. court to dismiss without prejudice so . . . .

Id. at 1-2. (The remainder of the final sentence is illegible.)

The respondent did not oppose the petitioner's motion to dismiss. On August 12, 2025, the respondent filed a motion for an order directing the clerk to close the case. Dkt. No. 33. The respondent states that the petitioner's motion to dismiss was effective upon filing, without any court action required, because the respondent has not served an answer or filed a motion for summary judgment. Id. at 1 (citing Fed. R. Civ. P. 41(a)(1)(A)(i)). The respondent says that the petitioner's decision to label his filing a motion rather than a notice doesn't matter when it is clear that the petitioner wants to dismiss. Id. (citing Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008)). According to the

3

respondent, any judgment would be void. Id. (citing Marques v. Fed. Reserve Bank of Chi., 286 F.3d 1014, 1018 (7th Cir. 2002)). The petitioner has not filed a response to the respondent's motion.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows the petitioner to dismiss his case without a court order by filing a notice of dismissal before the respondent serves an answer or motion for summary judgment. A dismissal based on Rule 41(a)(1)(A) is "without prejudice" unless "the notice or stipulation states otherwise." Fed. R. Civ. P. 41(a)(1)(B). Under Rule 41(a)(1)(A)(i), it does not matter whether the plaintiff labels a filing as a "notice to dismiss" or a "motion to dismiss." See Smith, 513 F.3d at 783 (holding that a "motion to voluntarily dismiss the plaintiff's complaint" was, despite its title, actually a Rule 41(a)(1) notice of dismissal). A notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case-terminating." United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020); see also Nelson v. Napolitano, 657 F.3d 586, 587 (7th Cir. 2011) ("Although the plaintiffs miscaptioned their notice of dismissal as a 'Motion for Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A),' that filing effected the immediate dismissal of the suit.")

Although the rule gives the petitioner the right to dismiss, the petitioner's intent is not as clear as the respondent suggests. The petitioner's motion states that he intends to return to state court to pursue his unexhausted claims. He wants the court to dismiss without prejudice because he wants to file another §2254 federal *habeas* petition once he has exhausted all his claims. Admittedly, he asks the court to dismiss without prejudice and

4

does not use the words stay or abeyance. But he seeks a form of dismissal that would allow him to return to the state court, exhaust all of his unexhausted claims and then return to the federal court to seek *habeas* relief.

On May 8, 2020, Judge Duffin granted the petitioner's earlier motion, stayed and administratively closed this case and gave the petitioner the opportunity to exhaust his claims in the state court. Dkt. No. 7. After the petitioner returned to federal court, the respondent informed the court that the petitioner had done nothing in the state court since August 2020. Dkt. No. 14. This court found that the petitioner had not shown good cause for a further stay of the proceedings, lifted the stay, reopened the case and ordered that if he wished to proceed in federal court, the petitioner must file an amended petition. Dkt. No. 15 at 7-8.

The petitioner's motion for voluntary dismissal appears to be yet another request for stay and abeyance. "Stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005)). A district court should grant a stay when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The petitioner has not shown good cause for his failure to exhaust during the three years following Judge Duffin's grant of his first motion for stay and abeyance. Nor has the petitioner explained the type of claims he wants to present to the Wisconsin courts; he has not provided

5

enough information to allow this court to determine whether any of his claims are "potentially meritorious."

In support of her argument that any judgment the court might issue upon granting the motion for voluntary dismissal would be "void," the respondent cites Marques, 286 F.3d at 1016, a case in which the plaintiffs filed a "preposterous" suit claiming to be the owners of $25 billion in bearer bonds that a bank had allegedly issued in 1934. Dkt. No. 33 at 1. The plaintiffs in Marques filed a similarly "preposterous" notice of voluntary dismissal claiming to be in talks with Spain with the hope of selling their bonds to Russia. Marques, 286 F.3d at 1016. The defendant filed a motion to dismiss on the same day. Id. The district court converted the defendant's motion to dismiss to a motion for summary judgment and dismissed the case with prejudice. The Seventh Circuit Court of Appeals reversed because the plaintiff's notice of dismissal preceded the court's decision to convert the defendant's motion to one for summary judgment. Id. at 1017. The Seventh Circuit emphasized that a plaintiff's right to dismiss is absolute prior to the defendant serving an answer or filing motion for summary judgment. Id. at 1017 (citing Fed. R. Civ. P. 41(a)(1)). It found "considerable and unchallenged case authority that a judgment on the merits entered after the plaintiff has filed a proper Rule 41(a)(1) notice of dismissal is indeed void." Id. at 1018.

Marques did not involve a *habeas* petition or a request to return to the state court to exhaust all unexhausted claims. The court will construe the petitioner's motion for voluntary dismissal as a request for stay and abeyance

6

and will deny that motion because the petitioner has not shown good cause or identified a claim that is potentially meritorious. For the same reasons, the court will deny the respondent's motion for an order directing the clerk to dismiss the case. Dkt. No. 33.

## II. Respondent's Motion to Dismiss (Dkt. No. 26)

In her brief in support of her motion to dismiss, the respondent asks the court to dismiss the second amended petition because the petitioner's sole claim is not cognizable on federal *habeas corpus* review and, to the extent that the petitioner casts his evidentiary issue as a due process claim, he has procedurally defaulted on that claim. Dkt. No. 28 at 1. She recounts that in the second amended petition, the petitioner claimed that the trial court erroneously admitted other-acts evidence contrary to Wis. Stat. §904.04(2). Id. at 3. The respondent says that the petitioner presented that claim on direct review as a state law evidentiary issue and that the Wisconsin Court of Appeals denied the claim under state law. Id. The petitioner only raised the state evidentiary claim in his petition for review to the Wisconsin Supreme Court. Id. The respondent argues that any due process claim is procedurally barred because the petitioner failed to raise in on direct review. Id. at 4 (citing Wis. Stat. §974.06(4) and State v. Escalona-Naranjo, 185 Wis. 2d 168 (1994)).

The petitioner did not respond to the motion to dismiss, despite the court issuing an order setting a deadline for him to do so, dkt. no. 29, and an order granting his motion for an extension of the time for a response, dkt. no. 31.

7

A. Legal Standard

A federal court may grant *habeas* relief only if the state-court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

B. Analysis

The court previously allowed the petitioner to proceed on his claim that the trial court "erroneously admitted other acts evidence at jury trial" and "improperly applied Wis. Stat. 904.04(2) in violation of his right to due process by unfair prejudice." Dkt. No. 24 at 4. Wis. Stat. §904.04(2) states that other-acts evidence "is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." Errors of state law, by themselves, are not cognizable on *habeas* review. Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004). "Federal courts are not permitted to review a state

court's resolution of state-law questions." Shaw v. Wilson, 721 F.3d 908, 914 (7th Cir. 2013). Moreover, a *habeas* petitioner may not raise an issue in federal court without first giving the state courts a fair opportunity to address his claims and correct any error of constitutional magnitude. Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001) (citing 28 U.S.C. §2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)). If the state courts now were to find the petitioner's claim procedurally barred, there will be no opportunity to present it, which would render the claim procedurally defaulted in federal court as well. See Perruquet, 390 F.3d at 514.

Issues of state law may be cognizable in federal courts if they rise to the level of a due process violation "offend[ing] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Montana v. Egelhoff, 518 U.S. 37, 43 (1996) (citation omitted); see Smith v. Phillips, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."); see also Middleton v. McNeil, 541 U.S. 433, 437 (2004) (federal courts may review a question of state law if it rises to the level of a violation of due process). A federal issue of a due process violation is presented only "in circumstances impugning fundamental fairness or infringing specific constitutional protections." U.S. *ex rel.* Harris v. State of Illinois, 457 F.2d 191, 198 (7th Cir. 1972). Moreover, the purpose of the federal *habeas* petition "is not to serve as an additional appeal." Id.

9

In deciding whether a petitioner's federal constitutional claim was fairly presented to state courts, the court considers four factors: (1) whether the petitioner relied on federal cases that engaged in constitutional analysis; (2) whether the petitioner relied on state cases that applied a constitutional analysis to similar facts; (3) whether the petitioner framed his claim in terms so particular that it calls to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. Whatley v. Zatecky, 833 F.3d 762, 771 (7th Cir. 2016).

In his brief filed with the Wisconsin Court of Appeals, the petitioner argued that the trial court had abused its discretion when it allowed other acts evidence to be admitted at trial in violation of Wis. Stat. §904.04(2) and the three-step Sullivan test articulated by the Wisconsin Supreme Court. State v. Price, Appeal No. 2015AP2562-CR, 2018 WL 3870130, *3 (Wis. Ct. App., Aug. 14, 2018). Dkt. No. 28-1. The Wisconsin Court of Appeals concluded that the testimony was limited and narrowly focused and was satisfied that the circuit court had correctly determined "that the probative value of that evidence was not outweighed by other concerns." Id. at *5; Dkt. No. 28-2. In affirming, the court of appeals rejected the petitioner's claim of error and found that the circuit court properly admitted the other acts evidence. Id. In his petition for review to the Wisconsin Supreme Court, the petitioner argued that the decision to allow the other acts evidence directly conflicted with State v. Sullivan, 216 Wis. 2d 768 (Wis. 1998). Dkt. No. 28-3. The petitioner also argued that review should be granted to help develop, clarify or harmonize the law because the

court of appeals found nothing in case law that would limit such evidence. Id. at 5. The Wisconsin Supreme Court denied review. Price, 385 Wis. 2d 206 (Wis. 2018).

The question of whether the Wisconsin state court improperly applied Wis. Stat. §904.04(2) in admitting other-acts evidence does not implicate a clearly established federal law as required by 28 U.S.C. §2254(d)(1). The petitioner did not present a federal law theory to the lower state courts and his state court briefs and the state court decisions addressed the Wisconsin evidentiary issue under Wis. Stat. §904.04(2) rather than a due process theory. The court will deny the petition and dismiss this case.

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing §2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petition should be dismissed for failure to raise a claim involving federal constitutional issues.

## IV. Conclusion

The court **CONSTRUES** the petitioner's motion to dismiss as a motion for stay and abeyance and **DENIES** the motion. Dkt. No. 32.

The court **DENIES AS MOOT** respondent's motion to direct the Clerk of Court to close this case. Dkt. No. 33.

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 26.

The court **ORDERS** that the case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 7th day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**